**Application of Hans HENECKA and Hans Werner Schubert.**

**Patent Appeal No. 8771.**

United States Court of Customs and Patent Appeals.

Aug. 23, 1973.

bert L. Jacobs, Jr., New York City, of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred E. McKelvey, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Patent Office Board of Appeals sustaining the examiner's rejection of claims 1–10, all of the claims in appellants' application.[1] As will be seen the legal issues presented here are substantially identical with the issues presented in In re Hawkins, Cust. & Pat.App., 486 F.2d 579 (1973) (hereinafter *Hawkins II*).

The invention relates to processes for production of certain benzomorphan derivatives. Claim 1 is representative:

1. A process for the production of benzomorphan derivatives of the formula:

which comprises cyclizing a compound of the formula:

wherein
R is alkyl, aryl or aralkyl,
R′ is hydrogen, alkyl, aryl or aralkyl,
R″ is alkyl, and

Jacobs & Jacobs, New York City, attorneys of record, for appellants. Al-

1. Serial No. 559,079, filed June 21, 1966.

R''' is hydrogen, hydroxyl, alkoxy, alkyl, halogen, amino or substituted amino,

and recovering the cyclized product.

As in *Hawkins II*, the rejection involves 35 U.S.C. § 112 and § 132, and is based on failure of the original specification to sufficiently disclose how to obtain the starting materials necessary to make the claimed compounds. The prosecution history of the present case was summarized by the board as follows:

As originally filed, the present application stated * * *:

"A wide variety of the derivatives of N–alkyl–2–benzly–4–hydroxypiperidines employed according to the invention as the preliminary stages for their cyclization to form 6, 7-benzomorphanes has become readily available in accordance with German Patent No. ........ (Application F 45 378 IV d, '12p) starting from β–γ–unsaturated nitriles."

A certified copy and sworn translation of this German application was made of record on January 6, 1969 (Paper No. 7). According to appellants, the original cross-referencing plus the filing of the certified copy and sworn translation makes the necessary disclosure readily available to the public.

* * * * * *

The point most vigorously argued by appellants is that it was proper for them to make the following insert by amendment in line 17 on page 2 of their specification:

"and U.S. application 529,642 filed February 24, 1966."

That application was filed about four months prior to the filing of the present application.

This amendment raises the issue of new matter.

As a further parallel to *Hawkins II*, appellant submitted a proposed amendment containing a certified translation of the text of the German application referred to above, together with an affidavit by appellants' attorney to the effect that the proposed amendment corresponds to the text of the German application incorporated by reference, which amendment was not entered. It was submitted after the mailing of the examiner's answer, but prior to the hearing at the board. The board remanded the case to the examiner who refused entry of the amendment. Appellant urged the board to reverse the examiner on that point but the board refused to, stating that it was not within the board's jurisdiction to rule on the propriety of an examiner's refusal to enter an amendment.

In accordance with our holdings in *Hawkins II*, we hold that the reference to the German application in conjunction with the placing of a certified copy of that application in the file is not sufficient to place the present application in compliance with the requirements of section 112. We also hold that the insertion of the reference to the U.S. application was new matter. Appellants argue that the disclosure in the specification as filed that the starting materials are "readily available * * * starting from β–γ–unsaturated nitriles," would be sufficient to teach those skilled in the art how to make the necessary starting materials. The board considered that the meager disclosure was wholly insufficient to teach the preparation of the necessary starting materials, and appellant has not advanced any convincing arguments to the contrary.

The decision of the board is affirmed.

Affirmed.

MARKEY, Chief Judge (dissenting).

I respectfully dissent for the reasons set forth in my dissent in In re Hawkins, Cust. & Pat.App., 486 F.2d 579.